# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| EDDIE L. BUSH, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 1:18-cv-615<br>) |
| MAG DS CORP., | )<br>) |
| Defendant. | )<br>)<br>) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

Plaintiff Eddie Bush is an African-American male employed with Defendant MAG DS Corp., an aerospace government contractor. Plaintiff was hired by Defendant in 2016, to work full-time as an Airborne Systems Operator/Program Mission Equipment Technician ("PME Technician") on a specific contract project. Plaintiff's job requires him to travel to Afghanistan for three months at a time, to perform maintenance on army planes. In March 2017, prior to a three-month trip, Plaintiff inquired about a chance to move up at work. He was informed by his white manager that no positions would be available in the near future. However, when Plaintiff returned to the United States, he

learned that Defendant had promoted a white employee, Brandon Treat, to the position of Lead Technician 2M. The position was not advertised in Defendant's internal network, and Plaintiff was not given a chance to apply. At that time Mr. Treat did not have a Class III Flight Physical—certification that an aviation medical examiner found him fit for aircraft service. Mr. Treat subsequently initiated the process for the examination. Plaintiff obtained and maintained a Class III Flight Physical certification during his employment.

After his next leave, in September 2017, Plaintiff violated Defendant's reimbursement policy for travel-related expenses. It was discovered later that this error was due to the poor dissemination of the policy. Defendant admitted this fact and that Defendant ultimately reimbursed Plaintiff for his travel.

On December 8, 2017, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding the promotion of Mr. Treat. On February 17, 2018, Plaintiff received a Written Performance Notice from his white Deputy Program Manager, admonishing him for violating the travel policy on his September 2017 leave. Later in February 2018, Plaintiff filed a second EEOC charge and received a Right to Sue Letter on February 22, 2018.

Plaintiff filed a Complaint on May 23, 2019, alleging Title VII violations of retaliation and discriminatory failure

to promote. The failure to promote claim was based on two instances: first, Mr. Treat's promotion to Lead Technician 2M in June 2017 and second, his later promotion to a supervisory position in January 2018. On August 27, 2018, Defendant moved to dismiss the Complaint, in part for failure to exhaust administrative remedies for the claim based on the January 2018 promotion. With leave, Plaintiff filed an Amended Complaint on September 18, 2019, dropping the claims for retaliation and discrimination based on the second alleged promotion. Discovery is now closed and Defendant's case is ripe for summary judgment.

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court may enter summary judgment when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient" to

find an issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

A plaintiff alleging discrimination may prove his case by using either (1) direct or circumstantial evidence of discrimination, or (2) the burden-shifting approach under the *McDonnell Douglas* "pretext" framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973); see also Holland v. Wash. Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007). Plaintiff presents no direct evidence of discrimination, and so the parties proceed under the *McDonnell Douglas* approach.

Under the *McDonnell Douglas* "pretext" framework, a plaintiff must first establish a prima facie case of unlawful discrimination or prove a set of facts allowing a fact-finder to conclude that, more likely than not, the adverse employment action was the product of discrimination. See McDonnell Douglas, 411 U.S. at 802; see also Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). If he succeeds, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for its adverse employment decision. Mereish v. Walker, 359 F.3d 330, 334 (4th Cir. 2004). If the defendant is successful, the plaintiff must show that the articulated reason is pretext for discrimination. Id. at 430-31.

Plaintiff claims race discrimination based on two facts: the promotion of Mr. Treat and the February 2018 Written

4

Performance Notice. However, Plaintiff fails to demonstrate a prima facie case in either instance. A prima facie case of discriminatory failure to promote under Title VII requires a plaintiff to prove that: (1) he is a member of a protected group, (2) he applied for the position in question, (3) he was qualified for the position, and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994).

Here, Plaintiff cannot establish the second element of the prima facie case. Because Plaintiff's Amended Complaint moved forward on the first of two promotions alleged in his original Complaint, the Court will consider only that June 2017 promotion. The alleged June 2017 promotion moved Mr. Treat from PME Technician to Lead Technician 2M. Both Mr. Treat and Plaintiff received this position: Mr. Treat effective on June 1, 2017 and Plaintiff roughly two weeks later, effective on June 16, 2018. The parties contest whether this adjustment was a true promotion or merely a title change. According to Defendant, the title merely indicated a raise in salary as a reward for hard work and initiative. Defendant asserts that under the government contract, the two titles were treated the same and considered in the same labor category. Regardless whether the position was an actual promotion, however, Plaintiff never applied to be Lead

5

Technician 2M. As an essential element to a prima facie case, this fact is dispositive of Plaintiff's claim for discrimination based on failure to promote. Not only did Plaintiff not apply for the position, he received the same role two weeks after Mr. Treat. For these reasons, Plaintiff has not established a claim for discrimination based on a failure to promote.

Plaintiff similarly fails to prove the necessary elements for a discrimination claim based on the February 2018 Written Performance Notice. Plaintiff alleges that he received written reprimand for violating the company expense reports policy because he is African-American and that Caucasian employees were not reprimanded for intentionally violating the policy. A prima facie case of race discrimination based on discriminatory policy enforcement requires a Plaintiff to demonstrate: (1) membership in a protected class, (2) satisfactory job performance, (3) adverse employment action, and (4) different treatment from similarly situated employees outside the protected class. Sanders v. Tikras Tech. Sols. Corp., 735 F. App'x 228, 230 (4th Cir. 2018).

Plaintiff's claim fails to meet elements three and four of the prima facie case. First, Plaintiff fails to establish that he suffered an adverse employment action as required under Title VII. James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375-76 (4th Cir. 2004). An adverse employment action is a

"discriminatory act which adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment." Id. at 375(citation omitted). A written warning does not constitute an adverse employment action because it does not affect the terms, conditions, or benefits of employment. Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 651-52 (4th Cir. 2002). The Written Performance Notice Plaintiff received stated that Plaintiff had not followed protocol for travel reimbursement and that, if he failed to do so in the future, further disciplinary action would occur. Plaintiff's employment terms and conditions were not altered. Therefore, the Written Performance Notice does not constitute an adverse employment action for Title VII purposes. Consequently, Plaintiff fails to meet a necessary element of his prima facie case.

Second, Plaintiff cannot demonstrate that other similarly situated employees outside the protected class were treated differently. Rather, Defendant has proffered evidence that at least two other Caucasian employees received similar written performance notices for the same conduct. And Plaintiff does not contest these facts. Thus, Plaintiff fails to meet the fourth element of his prima facie case for discriminatory policy enforcement.

Alternatively, even if Plaintiff successfully established a prima facie case for discrimination, Defendant's legitimate,

nondiscriminatory reason for selecting another employee satisfies the burden of production in the *McDonnell Douglas* framework. This shifts the burden back to Plaintiff to prove that Defendant's proffered reason was mere pretext for discrimination. Defendant has articulated a legitimate reason for selecting Mr. Treat before Plaintiff: the hiring officials believed Mr. Treat to be more qualified for the role. In objection, the only evidence Plaintiff offers are his own statements that he was more qualified than Mr. Treat and that Mr. Treat was ineligible for the position because he lacked a Class III Flight Physical. However, Plaintiff's self-serving assessment of his own credentials versus those of another employee's are not enough to carry his burden of establishing pretext. See Evans v. Technologies Applications & Service Co., 80 F.3d 954, 959, 960 (4th Cir. 1996). Rather, when evaluating whether the evidence establishes pretext, a court must "assess relative job qualifications based on the criteria" established by the employer for the position in question. Heiko v. Colombo Savings Bank, F.S.B., 434 F.3d 249, 259 (4th Cir. 2006). And the employer's decision in such matters is given substantial deference. See Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 272 (4th Cir. 2005); see also DeJarnette v. Corning, Inc., 133 F.3d 293, 299 (4th Cir. 1998). The only hiring officials involved agreed that Mr. Treat was better qualified

for the Lead Technician 2M role. The position required administrative and operational talent, and Mr. Treat was found to be a fit based on his attention to detail and experience overseeing procedures.

Plaintiff's further assertion that Mr. Treat was unqualified because he lacked a Class III Flight Physical is unsupported. Pretext may be inferred in limited circumstances, such as from a showing that a plaintiff was substantially more qualified than the candidate selected from outside the protected class. Ham v. Wash. Suburban Sanitary Comm'n, 158 Fed. Appx. 457, 464 (4th Cir. 2005); see also Mayo v. Smith, No. 1:15-cv-00299, 2016 U.S. Dist. LEXIS 65172, at *17-20 (E.D. Va. May 16, 2016). A court does not evaluate an employer's promotion decision based on the employee's own criteria for judging qualifications. Anderson, 406 F.3d at 272. The employee must compete based on the qualifications established by the employer. Id.; see Jiminez v. Mary Washington Coll., 57 F.3d 369, 383 (4th Cir. 1995). In this case, Defendant required that, at the time of hiring, an employee be willing to obtain the flight physical. Mr. Treat was willing and initiated the process. Plaintiff argues the flight physical was required at time of hiring, under Federal Aviation Administration regulations. Yet, he fails to establish that the regulations apply to the contract upon which the parties were working, to the specific subcontract under

9

which Defendant performed, or to technician roles such as those held by Plaintiff and Mr. Treat. Plaintiff's attempt to establish further qualifications for the role are insufficient to establish pretext.

Plaintiff's further attempts to show pretext are insufficient and unsupported by evidence. For example, Plaintiff argues that the process in which the promotions were awarded evidences improper intent and discrimination. He claims that he was lied to about position availability when he inquired in March 2017 and was not given the opportunity to apply. But later, Plaintiff admits that he was not aware if any positions were available at that time. And even if true, these facts have no bearing on the hiring manager's decision selecting Mr. Treat prior to Plaintiff.

Plaintiff also claims that Defendant consistently denied promotions and career advancement opportunities to minority employees. But Plaintiff cannot demonstrate that those employees applied for promotions and does not allege any other contextual facts to support an inference of discrimination or sufficient connection to Plaintiff in order to establish pretext. These claims are, therefore, conclusory. Plaintiff has not proffered evidence sufficient to establish pretext for discrimination in the hiring process. Consequently, Plaintiff's claim for discrimination fails.

For the forgoing reasons, this Court finds that Defendant is entitled to summary judgment. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 13, 2020